# O'Brien's Estate (No. 1).

*Guardian and ward—Surcharge—Mistake as to surcharge.*

Where the orphans' court surcharges a guardian in an amount stated, and it appears from an examination of the whole record that a portion of such amount was made up of items as to which no exception had been taken, and no evidence heard, the appellate court will deduct such portion from the total surcharge, and affirm the decree as to the balance, if it appears that the accountant showed great carelessness and lack of appreciation of the duties devolving upon him.

Argued April 14, 1910. Appeal, No. 39, April T., 1910, by T. J. Lawton, guardian, from decree of O. C. Allegheny Co., Feb. T., 1909, No. 30, surcharging him as guardian of the Estate of Michael A. O'Brien. Before RICE, P. J., HENDERSON, MORRISON, HEAD, BEAVER and PORTER, JJ. Decree modified.

Exception to account of guardian. Before HAWKINS, P. J.

The opinion of the Superior Court states the case.

*Error assigned* was decree surcharging the guardian.

*John E. McCalmont*, for appellant.—A guardian is liable only for gross negligence or willful default and if he act in good faith will be protected: Bryson's Est., 13 Lanc. Bar, 45; Eyster's App., 16 Pa. 372; Clark's Est., 39 Pa. Superior Ct. 445.

*Edward Schreiner*, for appellee.

OPINION BY RICE, P. J., July 20, 1910:

In the account filed by the guardian upon his resignation of the trust there appear thirty-one credit items for "cash advanced" amounting in the aggregate to $492, which do not indicate the specific purposes for which the

money was advanced. The guardian ad litem, appointed by the court to examine the account and report his suggestions as to the several items, reported, after examination of the account and the vouchers, that twenty-one of these items, specifying them by their respective dates and amounts, should not be allowed unless the guardian could show that the money advanced on the several dates was used for necessaries for the ward. These items aggregated $321.34. He also reported against the allowance of certain other items of the account, but raised no objection as to any other of the cash items heretofore alluded to. The aggregate of these items not excepted or objected to by the guardian ad litem or by anyone is $170.66. Of these items all but two were for cash, amounting to $140.06, advanced prior to November 19, 1906. The two items, amounting to $30.00, were for cash advanced in September, 1908. At the audit, as appears by the official report of the proceedings sent up with the record, this occurred:

"By Mr. Schreiner: There is one bond that was never properly filed; as to one of the estates, the bond was never properly qualified, but there is no exception to this.

"By the Court: Confine yourself to the exceptions.

"By Mr. McCalmont: I want to show when we became responsible.

"By the Court: We will only hear matters excepted to. Take up the items that are excepted to.

"Q. The account filed at Nos. 30 and 31 show the debits and credits—

"By the Court: Take up the exceptions and call attention to all the items that are excepted to and have them explained. Is the exception to the fact of payment or to the irregularity?

"By Mr. Schreiner: To the irregularity of it."

It is argued that in view of the foregoing it was erroneous to charge the accountant with the payments not excepted to and as to which the court refused to hear evidence. To this appellee's counsel answers that, as the decree fails to show what particular items the surcharge

O'BRIEN'S ESTATE (NO. 1).

was based on, appellant has no right to assume that it included any of these items. But if it be true that neither the decree nor the findings accompanying it show how the surcharge was made up, justice and regularity of procedure require that the record be remitted to the court below in order that this essential to a proper review of the correctness of the decree be made to appear. The decree is "that the accountant be surcharged with amount paid,

viz.: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $462.00
Add thereto balance as per account. . . . . . . . . .    274.53

Balance due ward. . . . . . . . . . . . . . . . . . . . . .    $736.53"

Of course, it would be impossible to determine from the decree alone what payments the court had in mind in making the surcharge of $462. But it is inferable with reasonable certainty, from the accompanying statement and opinion, that the payments referred to were those which the accountant alleged were made for the maintenance of the minor and were embraced under the head "cash advanced." This is the subject discussed in the opinion as the main question, and no allusion whatever is made to the credit items of the account which show on their face that they were for payments made for other specified purposes. It is true there were exceptions to many of this class of items, namely, to the items for professional services of attorneys, for interest on Crook's mortgage, for penalties on taxes not paid when due, commissions on fund received from John Whitney, guardian, and for collection of rent. But there is nothing in the statement or opinion to indicate that the court intended to sustain any of these exceptions; on the contrary, the plain inference is that the credit items to which these exceptions apply were not disallowed. It is reasonably certain, therefore, that the surcharge of $462 was made up of the advances alleged to have been made for maintenance, and must have included at least $140.66 of items that were not excepted to and concerning which the court

declined to hear evidence. We feel constrained, therefore, to sustain the assignments of error so far as they relate to this portion of the surcharge. While the evidence produced did not show dishonesty on the part of the accountant, it did show gross lack of appreciation of the duties devolving upon him, and we cannot see, upon a view of all of the circumstances, that the court committed error, except in the particular to which we have referred. It seems probable, from our investigation of the very unsatisfactory evidence produced by the accountant, that he is fairly entitled to the credits to which the decree as amended by us will give him. But the evidence fails to show satisfactorily that he is entitled to further credit.

The decree is modified and amended by reducing the surcharge from $462 to $321.34, and reducing the balance for distribution from $729.53 to $588.87, and as thus amended the decree is affirmed; the costs of the appeal to be paid out of the aforesaid sum for distribution.